395 F.2d 639
 INTERNATIONAL CHEMICAL WORKERS UNION and Its Local 773, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Hackney Iron and Steel Company, Intervenors.
HACKNEY IRON AND STEEL COMPANY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
International Chemical Workers Union and Its Local 773, Intervenors.
 No. 21331.
 No. 21484.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 17, 1968.
 Decided May 1, 1968.
 Petition for Rehearing Denied June 27, 1968.
 
 Mr. Jerry D. Anker, Washington, D. C., with whom Mr. Stephen E. Moss, Washington, D. C., was on the brief, for petitioners in No. 21,331 and intervenors in No. 21,484.
 Mr. Larry Lesh, Dallas, Tex., of the bar of the Supreme Court of Texas, pro hac vice, by special leave of court, with whom Mr. Warren Woods and Mrs. Betty Southard Murphy, Washington, D. C., were on the brief, for appellant in No. 21,484 and intervenor in No. 21,331.
 Mr. Richard S. Rodin, Attorney, National Labor Relations Board, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost. Asst. General Counsel, National Labor Relations Board, were on the brief, for respondent.
 Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN, Circuit Judge.
 PER CURIAM:
 
 
 1
 These petitions for review of a National Labor Relations Board order grow out of the acquisition and continued operation of a small independently-owned manufacturing plant in Texas by a considerably larger business enterprise. The latter, in No. 21484, challenges a holding by the Board that it must recognize and bargain with the union which, at the time of the acquisition, was the certified bargaining representative of the plant's employees. The principle here involved is whether the acquired business retained its identity and continuity to a degree making it reasonable to require the successor employer to recognize the certified union. See, e. g., Makela Welding, Inc. v. NLRB, 387 F.2d 40, 46 (6th Cir. 1967). We think that there was substantial evidence in the record to support the Board's findings in this regard.[1]
 
 
 2
 In No. 21331 the union complains of two things. One is the Board's adoption of the trial examiner's findings that two employees were not denied overtime work because of their union affiliation and activity. The issue turned largely upon credibility determinations and again we think there was adequate record support for the Board's action. The second error asserted by the union is the failure of the Board to include in its order a requirement that the successor employer observe the collective bargaining agreement in effect at the time of the acquisition.
 
 
 3
 The Trial Examiner included such a requirement in his recommended order. The Board purported to find it unnecessary to reach the point "since such a determination does not come within the scope of the complaint nor does the record establish whether the agreement is presently in effect." The first of these alternative grounds for the Board's inaction is wholly unpersuasive. The complaint charged a violation of Section 8(a) (5) in the statutory language, and the issue of the allegedly improper disregard of the existing contract was fully litigated before the Trial Examiner without objection by the employer upon the ground of surprise or otherwise. The employer did not specifically except to the Examiner's recommendation in this respect, presumably because it regarded this as simply one aspect of the broader question of whether it was a successor employer which must recognize the union.
 
 
 4
 We also do not understand quite why the Board believed that it was relieved of the burden of considering the matter because the expiration date of the contract was not apparent from the record, there being no question but that the contract was in effect at the time of acquisition. We do not say that there is no rationale by which the Board's order of relief in this successor employer situation may not in appropriate circumstances differentiate between ordering recognition of a certified union and bargaining with it for a new contract, on the one hand, and recognition which includes observance of an existing contract, on the other. But, especially in the light of John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), this matter needs more illumination than the Board has provided in order for us meaningfully to review the disposition it has made of the matter here.[2]
 
 
 5
 The Board's order is, therefore, left undisturbed in all respects except that the case is remanded to the Board for further consideration of the question of whether the employer should be called upon to observe the terms of the collective bargaining agreement in effect at the time of the acquisition.
 
 
 6
 It is so ordered.
 
 
 
 Notes:
 
 
 [1]
 The Board points to the circumstances that the labor force was continued intact, the plant supervisory officials were unchanged, work in process was completed, and intra-plant operations continued essentially as before as a division under the trade name of the former employer. The petitioning employer relies most heavily upon the transfer of policy control over labor relations from the local level to a company-wide office, and the claim that the component products made at the plant were supplied not to customers at large but to other divisions of the new and larger employer. With such considerations in the balance, the Board's resolution is far from irrational
 
 
 [2]
 Wiley, of course, does not involve review of a Board order, but its imposition of liability upon a successor employer in respect of an existing labor contract may well have implications for unfair labor practice cases, particularly in the light of Section 8(d)'s definition of the duty to bargain as including the observance of current contracts